UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 3:19-CR-49 |
| v. ) | |
| ) | JUDGE VARLAN |
| REBECCA A. KEY ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Rebecca A. Key, and the defendant's attorney, Cullen M. Wojcik, have agreed upon the following:

1. The defendant will plead guilty to the following count of the Superseding Indictment: Count One, conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). The punishment for this offense is a minimum mandatory term of imprisonment of 10 years and up to life, a term of supervised release of at least five years, a maximum fine of $10,000,000.00, forfeiture, and a mandatory assessment of $100.00.

2. The defendant has read the Superseding Indictment, discussed the charge and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements must be proved beyond a reasonable doubt:

As to Count One of the Superseding Indictment: (1) the defendant conspired or agreed with at least one other person to violate the federal drug law, specifically 21 U.S.C. § 841(a)(1) (distribute and possess with the intent to distribute a controlled substance); (2) the defendant

knowingly and intentionally joined the conspiracy; (3) the defendant participated in the conspiracy; and (4) the overall scope of defendant's involvement in the conspiracy was 50 grams or more methamphetamine, a Schedule II controlled substance.

3. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) This investigation was initiated by the 9th Judicial Drug Task Force (JDTF) in Loudon County in September 2018. Through the investigation, the defendant was identified by multiple individuals as a distributor of methamphetamine in the Eastern District of Tennessee. Law enforcement from the 9th JDTF utilized a confidential informant and conducted controlled buys from the defendant on February 13th, 19th, and 21st, 2019, for 1 gram of crystal methamphetamine, 1 point of heroin and 1 gram of crystal methamphetamine, and 1.6 grams of crystal methamphetamine, respectively. The defendant admits that the crystal methamphetamine she distributed to the confidential informant on these three occasions was actual methamphetamine.

b) On March 18, 2019, officers from the Lenoir City Police Department were dispatched to Sunset Hills Apartments for alleged vandalism. When law enforcement made entry into the apartment, the defendant was sitting in the living room, was read her Miranda warnings, waived those warnings, and admitted to possessing illegal substances at the apartment. The defendant also consented to a search of her personal belongings. Law enforcement seized .2 grams of heroin from the defendant's wallet and 1.5 grams of crystal methamphetamine on a

2

black clip board near the couch where she was sitting. Also, in the defendant's backpack were over 200 baggies, 4 glass marijuana pipes, digital scales and a drug ledger. The defendant admits that she was in possession of all items seized from her personal belongings. The defendant admits that the crystal methamphetamine she possessed on March 18, 2019 was actual methamphetamine.

      c)     In addition, the defendant admits that she began obtaining drugs from her source of supply in early February 2019 and would receive up to ¼ ounce of methamphetamine from that source of supply daily for approximately one month until she was arrested on March 18, 2019. The defendant admits that she obtained these drugs for purposes of resale. The defendant agrees that, while participating in the conspiracy, she personally distributed or possessed with intent to distribute within the Eastern District of Tennessee actual methamphetamine weighing at least 50 grams but less than 150 grams (base offense level 30).

4.     The defendant understands that by pleading guilty the defendant is giving up several rights, including:

      a)     the right to plead not guilty;

      b)     the right to a speedy and public trial by jury;

      c)     the right to assistance of counsel at trial;

      d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

      e)     the right to confront and cross-examine witnesses against the defendant;

      f)     the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

      g)     the right not to testify and to have that choice not used against the defendant.

5. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful terms of imprisonment, any lawful fines, and any lawful terms of supervised release up to the statutory maximums;

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any

4

conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S Attorney's Office to obtain financial and tax records of the defendant.

9. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's convictions or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two

6

exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

10. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

11. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

12. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. This plea agreement supersedes any other plea agreements the defendant may have entered into prior to the execution of this agreement. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

7/2/19
Date

By: _____
BRENT N. JONES
Assistant United States Attorney

7/1/19
Date

_____
REBECCA A. KEY
Defendant

7/1/19
Date

_____
CULLEN M. WOJCIK
Attorney for the Defendant

8